S. R. BOONE ET AL. v. EUGENE SYKES ET AL.

(Filed 30 March, 1921.)

**1. Deeds and Conveyances—Fraud—Mental Incapacity—Evidence.**

In a suit to set aside a deed for mental incapacity of the grantor, it was competent to show that she had a fall resulting in a fractured hip a year before the making of the deed, when she was of weak mind, more than eighty years of age, with the further evidence that thereafter her mental and physical condition grew worse until her death.

**2. Appeal and Error—Assignments of Error.**

An assignment of error should comply with the rule of court in setting out therein the evidence to which objection is made.

**3. Deeds and Conveyances—Fraud—Mental Incapacity—Evidence—Hypothetical Questions.**

Where the sufficiency of a deed for the want of mental capacity of the grantor to make it is in question, and the plaintiff is permitted on cross-examination to testify to the sanity of the grantor, assuming certain facts to be true, it is competent for him to testify as to his opinion if the facts were reversed, and not reversible error for the lack of supporting evidence, such being necessary to give the jury a proper estimate of the testimony of the witness.

**4. Deeds and Conveyances—Fraud—Mental Incapacity—Evidence.**

Where there was evidence tending to show that the grantor in a deed, sought to be set aside for mental incapacity, was eighty years of age and of feeble mind at the time, and gradually grew worse until her death, testimony that six or eight months after executing the deed she sent for witness, stating she had no recollection thereof, but upon his recalling it to her mind recollected and was satisfied with it, is not prejudicial to the defendant; but, if otherwise, it was competent upon the question of the grantor's mental capacity at the time she executed the conveyance.

**5. Deeds and Conveyances—Mental Incapacity—Consideration—Evidence —Value of Crops.**

Upon the question of the inadequacy of the consideration of a deed sought to be set aside for lack of the mental capacity of the grantor, where a witness has testified that at the time of its execution in 1917 the land was poor and sorry, with big gullies and washes on it, etc., and as

to its consequent value, it is competent to show in contradiction that the following year the land yielded a good and valuable crop, without a change in the condition of the land.

APPEAL by defendants from *Kerr, J.,* at the August Term, 1920, of FRANKLIN.

This is an action to set aside a deed made by Mrs. Cornelia M. Boone to her daughter, Mrs. Eugene Sykes, upon the ground that the grantor did not have sufficient mental capacity to execute a deed.

The jury returned a verdict in favor of the plaintiffs, and the defendants excepted and appealed from the judgment rendered on the verdict, assigning the following errors:

"1. To the admission of the evidence in regard to a fall which happened in 1916, more than a year prior to the execution of the deed here in question, on the grounds that the admission of such evidence tended to confuse the issues in the minds of the jury, and led them to think that grantor's mind was affected by said fall.

"2. To the admission of an imaginary conclusion based upon an imaginary statement which had no evidence to sustain it. The witness previously admitted that he heard the other Mr. Edwards testify that Mrs. Boone told him Mr. Collie was riding up and down the road trying to sell the land; and there is no evidence that Mrs. Boone did not make this statement, or that Collie was not trying to sell said land.

"3. To the admission of evidence in regard to the mind of the deceased grantor based on a conversation between witness and deceased grantor eight months after the execution and delivery of the deed, on the grounds that the condition of the grantor's mind at this time had nothing to do with the condition of the same at the time of executing and delivering deed, and that the admission of such testimony tended strongly to influence the jury in sustaining the contention of the plaintiff that she was mentally incapable when she signed and delivered the deed.

"4. To the admission of the testimony relative to the value of the 1919 crop on the land in question, on the ground that such testimony is irrelevant in any aspect of the case, and especially for the reason that the value of the crops in no wise showed the value of the lands, because the crops depended upon fertilizer, improvements put on the lands by the defendant, their skill as farmers, and also upon the ever-varying law of supply and demand."

*W. M. Person and W. H. Yarborough for plaintiffs.*
*William H. & Thomas W. Ruffin and Ben T. Holden for defendants.*

ALLEN, J. The deed, which plaintiffs attack, bears date 31 December, 1917, and the first exception is to permitting a witness who had testified

to an injury to the grantor, resulting in a fractured hip, to fix the time of the fall as early in 1916.

We see nothing in this prejudicial to the defendants, and it was competent in view of the evidence of the plaintiffs tending to prove that the grantor was more than eighty years of age, of weak mind, and that her mental and physical condition gradually grew worse from the time of the fall until her death.

The second assignment does not comply with the rule requiring the appellant to at least set forth in the assignment of error the evidence objected to, but upon examination of the record it appears that a witness for plaintiff was asked on cross-examination his opinion of the sanity of the grantor, assuming certain facts to be true, and plaintiff was permitted in reply to ask for his opinion if the facts were otherwise, which was necessary to give the jury a proper estimate of the testimony of the witness.

The evidence objected to and covered by the third assignment is as follows: "She sent for me six or eight months afterwards to come, and I went to see her, and she said 'I signed some papers before you they tell me and I do not recollect it, and I want to know what sort of papers they were.' I told her it was a deed for twenty-six acres of land, and it was to Mrs. Geneva Sykes, but she did not seem to know or recollect about it and said she was bothered about it. I explained it to her and tried to refresh her memory, and then she remembered it and seemed satisfied. This was some time in August."

This evidence was very favorable to the defendant, because, while she (the grantor) at first said she did not recollect signing the deed, when her memory was refreshed "she remembered it and seemed satisfied," thus confirming the deed eight months after its execution, but if hurtful to the defendant it was competent to be considered on the question of the mental capacity of the grantor at the time of the execution of the deed, as it was in evidence that the grantor was old and gradually growing weaker in mind and body.

The evidence of the value of the crops on the land in 1919 was brought out on the cross-examination of a witness for the defendant, who had testified, "Some of the land was worth $15 or $20 an acre, but it was poor, sorry land, big gullies and washes so that you could bury a horse anywhere you wanted to," and was properly admitted for the purpose of contradicting or testing this witness.

The witness testified, when asked the value of the crops in 1919: "I declare I do not know how much crop was raised on it, but a good crop, about six acres of tobacco, worth about a thousand dollars. The crops this year are about as good as they were last year."

10—181

If, as was thus shown, the crops raised on the land in 1918 and 1919 or 1919 and 1920 were good, the jury might well doubt the statement of the witness on his examination in chief that on 31 December, 1917, when the deed was executed, "it was poor, sorry land, big gullies and washes so that you could bury a horse anywhere you wanted to," evidence offered by the defendant to show that the consideration named in the deed was adequate.

We find no error in the trial.

No error.